IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT PINKERTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2489-B |
| | § | |
| MARGARET SPELLINGS, Secretary, | § | |
| U.S. Department of Education, ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert Pinkerton has filed a motion to compel discovery in this disability discrimination and retaliation case brought under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791(b) & 794. For the reasons stated herein, the motion is granted.

I.

Plaintiff was employed by the U.S. Department of Education ("DOE") as an Equal Opportunity Specialist, GS 360-12. (Plf. Orig. Compl. at 3, ¶ 4.01). On May 2, 2002, plaintiff was reprimanded by his supervisors, received a "fail" performance evaluation, and was denied a promotion. (*Id.*). Two months later, on July 9, 2002, he was terminated from his position despite 10 years of service as a DOE employee. (*Id.*). Plaintiff attributes these adverse employment actions to the fact that he suffers from a physical disability that limits his major life activities, such as typing and keyboarding.[1] (*Id.* 3-4, ¶¶ 4.02-4.04, 5.02).

---

[1] Plaintiff suffers from Arthrogryposis, a syndrome characterized by congenital immobility of most of the joints, fixed in various postures, with a lack of muscle development and growth. *See* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY at 152 (29th ed. 2000).

After this lawsuit was filed, plaintiff confirmed his suspicions that the current leadership in the Office of Civil Rights ("OCR"), the division where he was employed, had a history of discriminating and retaliating against disabled employees. This history of discrimination was well-known to the DOE, as documented by a 1993 management report prepared by the Harris Consulting Group (the "Harris Report") and a 2001 internal investigation conducted by Mark Levesque, a former DOE employee (the "Levesque Study"). As part of discovery in this case, plaintiff served defendants with requests for production seeking, *inter alia*:

> All notes, reports, memoranda, or other documents related to the investigation and/or inspection by Mark Levesque of the Dallas OCR Division of the Department of Education; and

> Full and complete copies of all notes, reports, memoranda, or other documents related to or that refer to the Management Review Report of the Department of Education Office of Civil Rights, Region VI conducted by the Harris Consulting Group in approximately September 1993.

(Plf. Mot., Exh. A, Sec. Req. for Prod. #22; *Id.*, Exh. B, Third Req. for Prod. # 25). Defendants object that these documents are protected from disclosure by the deliberative process privilege. (*Id.*, Exh. C).[2] Plaintiff counters that the privilege does not apply or, alternatively, that relevant documents should be produced notwithstanding the privilege based on need. The parties have briefed their respective positions in a Joint Status Report filed on October 18, 2005, and defendants have tendered the documents to the court for an *in camera* review. This matter is now ripe for determination.

II.

The deliberative process privilege protects the decisionmaking process of government agencies by limiting access to pre-decisional communications "reflecting advisory opinions,

---

[2] Defendants produced a redacted version of the Harris Report omitting 28 pages.

recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975); *see also Skelton v. United States Postal Service*, 678 F.2d 35, 38 (5th Cir. 1982). In order for the privilege to apply, the materials sought to be protected must be pre-decisional and deliberative in nature. *See Sears, Roebuck & Co.*, 95 S.Ct. at 1516-17. "Pre-decisional" materials are those generated before the adoption of an agency policy or decision and prepared to assist the decisionmaker in arriving at the decision. *Id.* "Deliberative" materials are those that contain opinions, recommendations, or advice about the formulation of important public policies. *Id.* Purely factual materials that do not reflect a deliberative process are not protected. *See Environmental Protection Agency v. Mink*, 410 U.S. 73, 90, 93 S.Ct. 827, 837, 35 L.Ed.2d 119 (1973).

      Like all evidentiary privileges, the deliberative process privilege must be narrowly construed. *Greenpeace v. National Marine Fisheries Service*, 198 F.R.D. 540, 543 (W.D. Wash. 2000); *see also Mims v. Dallas Co.*, 230 F.R.D. 479, 484 (N.D. Tex. 2005) (Kaplan, J.) (noting all privileges are strictly construed). The initial burden is on the party asserting the privilege to show that the materials at issue are both pre-decisional and deliberative. *See Cobell v. Norton*, 213 F.R.D. 1, 4 (D. D.C. 2003). Once the elements of the privilege have been met, the burden shifts to the party seeking discovery to establish that its need for the information outweighs the government's need for confidentiality. *See Scott v. Board of Education of City of East Orange*, 219 F.R.D. 333, 335 (D.N.J. 2004); *Cobell*, 213 F.R.D. at 4.

III.

      After reviewing the documents tendered by defendants *in camera*, as well as the declaration of Eileen Hanrahan, Acting Director of the OCR Southern Division, the court finds that the Harris

Report and the Levesque Study do not fall within the scope of the deliberative process privilege. Nothing contained in the documents at issue "directly contribute to the formulation of important public policy." *See Soto v. City of Concord*, 162 F.R.D. 603, 612 (N.D. Cal. 1995) (citing cases). Rather, both the Harris Report and the Levesque Study address the management practices of the Dallas OCR. The redacted pages of the Harris Report contain information about grievances filed by individual employees, complaints regarding workplace discrimination, and scathing criticisms of the management practices of high-level supervisors. Among the recommendations made in the Report are settling employee complaints and relieving supervisors of their authority. Such information is not privileged. *Scott,* 219 F.R.D. at 338 (privilege shields deliberations that contribute to the formulation of important public policy, not routine operating decisions like the termination of a supervisor); *Waters v. United States Capitol Police Board,* 216 F.R.D. 153, 163 (D.D.C. 2003) (deliberative process privilege does not extend to a recommendation as to a particular personnel matter). *See also Hopkins v. United States Dep't of Housing and Urban Development*, 929 F.2d 81, 84 (2d Cir. 1991), *quoting Jordan v. United States Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978) (en banc) (for privilege to apply, document must be "actually . . . related to the process by which policies are formulated").

The documents contained in the Levesque file consist of drafts and handwritten notes regarding the scope of the investigation, notes of interviews with OCR employees, and documents provided by employees and union representatives. All these documents pertain to management practices or personnel issues. None implicate opinions or recommendations on agency policy. Consequently, the deliberative process privilege does not apply.[3]

---

[3] Defendants argue that many of the documents contained in the Levesque file are "drafts and summaries" which are traditionally considered deliberative in nature. (*See* Jt. Stat. Rep. at 21). However, "drafts" are neither presumptively privileged nor *per se* exempt from disclosure. *See Arthur Andersen & Co. v. IRS*, 679 F.2d 254, 257 (D.C. Cir. 1982); *Judicial Watch, Inc. v. United States Postal Service*, 297 F.Supp.2d 252, 261 (D.D.C. 2004). Nor are purely factual summaries protected by the deliberative process privilege. *See Allocco Recycling, Ltd. v. Doherty*, 220 F.R.D.

## **CONCLUSION**

Plaintiff's motion to compel discovery is granted. Defendants shall produce the documents identified in their privilege log to opposing counsel by **November 15, 2005.**

Although the court has determined that the deliberative process privilege does not prevent the disclosure of materials pertaining to the Harris Report and the Levesque Study, such an objection was substantially justified. Accordingly, plaintiff's request for costs and attorney's fees is denied. *See* FED. R. CIV. P. 37(a)(4)(A).

SO ORDERED.

DATED: November 8, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

407, 412 (S.D.N.Y. 2004). The "draft" documents in the Levesque file merely define the charter and scope of his investigation and set forth findings on OCR management practices and personnel issues. None of the documents contain opinions on legal or policy matters. Similarly, the "summaries" prepared by Levesque are nothing more than notes to aid him in accurately recalling the facts learned during his investigation. Such notes are not privileged. *See Kluth v. City of Converse,* Civ. A. No. SA-04-CA0798-XR, 2005 WL 1799555 at *2 (W.D. Tex. Jul 27, 2005) (witness statements to investigators are outside the scope of the deliberative process privilege).